

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer P. Rainey,
President
The University of Texas
Austin, Texas

Dear Dr. Rainey:

Opinion No. O-4510

Re: Whether or not the Board of
Regents of The University
of Texas is legally capable
of accepting a deed to pro-
perty for the purpose of
establishing and maintain-
ing thereon a laboratory
of Oceanography.

We beg to acknowledge receipt of your letter of
March 26, 1942, requesting a legal opinion upon the ques-
tion there stated, the letter being as follows, to-wit:

"The University of Texas has made application to
the U. S. War Department through the District Engineer's off-
ice at Galveston for the right to use a portion of the
U. S. Engineers' Department Reservation at Port Aransas,
Texas, for the purpose of establishing and maintaining
thereon a Laboratory of Oceanography. The tract of land
covered by this application is 15 acres, more or less, out
of the northwest corner of said reservation on the north
end of Mustang Island, Nueces County, Texas.

"We have been advised that in accordance with
rules promulgated by the Chief of Engineers of the U. S.
Army no permanent buildings or other structures could be
erected on the land in question under any lease or license,
but that the only way in which the Government could permit
the use of the land would be through an outright sale and
conveyance. We have proposed to the U. S. War Department
to purchase this land at a nominal consideration, and the
District Engineer's office has indicated a willingness to
approved such a conveyance, but desires to be advised by

your office as to whether or not the Board of Regents of the University is legally capable of accepting a deed to the property.

"For your further information in this connection, I beg to say that the Port Aransas Properties, Inc., conveyed to the Board of Regents for the use of the University of Texas for a Laboratory of Oceanography a tract of 10 acres, more or less, out of the northeast corner of the William Little Survey. The tract is adjacent to and on the west side of the United States Reservation on the north end of Mustang Island in Nueces County, Texas. The deed was for the nominal consideration of $1.00. This tract has proven to be impracticable for the purpose of constructing buildings thereon because of the lack of breakwater facilities, but in view of the fact that it adjoins the Government tract it may be used in connection with the latter tract for oceanography purposes.

"We propose to pay the nominal consideration for the conveyance out of a grant of $25,000 made to The University of Texas by the General Education Board for the purpose of constructing and maintaining a Marine Biological Laboratory on the Gulf of Mexico.

"In view of the fact that the foregoing donation was made to the Board of Regents, in trust, for the scientific purpose above outlined, the Board would seem to have the authority to acquire this property by conveyance from the U.S. Government under the provisions of Article 5264b, Vernon's Annotated Civil Statutes of Texas. This statute reads as follows:

"'Whenever the Board of Regents of the University of Texas shall have been made trustees by a will, instrument in writing or otherwise of a trust for a scientific, educational, philanthropic or charitable purpose, or other trust for a public purpose, that they may act by a quorum of the Board or a majority of all members; unless otherwise directed by the terms of the will or instrument, as such trustees they may exercise for the purposes of the trust the power of eminent domain, and may condemn land and other property as provided in this chapter; the power already existing of condemnation for University purposes is not affected hereby.'"

It is our opinion that the Board of Regents of The University of Texas does have authority to accept the deed of conveyance executed, or to be executed in the manner described by you, and that Article 3264b, of the Revised Civil Statutes, Vernon's Codification, quoted by you, constitutes sanction therefor.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By (s)       Ocie Speer
            Assistant

OS-MR

APPROVED APR. 15, 1942      APPROVED
(s) Grover Sellers         Opinion Committee
First Assistant Attorney General  By B.W.B. Chairman